NIEMEYER, Circuit Judge,
concurring in part and dissenting in part:
I am pleased to concur in Judge Widener’s thorough and well reasoned opinion insofar as it affirms the district court’s judgment. But I cannot agree with a remand “to determine if there is another plaintiff who wishes to maintain a class action.”
Because the plaintiff has no cognizable claim, she is not in a position to represent a class of others because either her claims are not typical of the others or, if they are, the others’ claims likewise have no merit.
The problem that Judge Widener raises in Part IX would, in my judgment, be resolved just as well by some other plaintiff, not in this case, alleging his or her own claim and seeking to prosecute it as a class action. As for this case, I would consider it ended with our opinion affirming the judgment of the district court. *276 By remanding this case to the district court with no plaintiff, we can only be inviting new claims — different from those that we have rejected in this case — to be filed on behalf of a new plaintiff and unspecified others. This is not the situation where a plaintiffs claims have been dismissed on a technical deficiency, and we would be allowing another plaintiff without that deficiency to continue the case. Rather, we have a case where the plaintiffs claims were dismissed because the claims themselves were deficient. In short, there is nothing to perpetuate on remand.
Accordingly, I respectfully dissent from Part IX and the remand remedy contained in Part X. Otherwise, I concur in this fine opinion.